**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD F. BURKE, JR., <br><br>Plaintiff, <br><br>v. <br><br>BOROUGH OF BAY HEAD, *et al.*, <br><br>Defendants. | Civil Action No. 22-7569 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on: (1) Plaintiff Donald F. Burke, Jr.'s ("Plaintiff") motion, in effect, for injunctive relief ("Injunction Motion") (ECF No. 2); (2) Defendants Borough of Bay Head, New Jersey (the "Borough"), the Mayor and Council of the Borough, and the Bay Head Planning Board's (the "Planning Board") (collectively, "Defendants") motion to dismiss the complaint ("Motion to Dismiss") (ECF No. 3); (3) Plaintiff's cross-motion for summary judgment in his favor ("Cross-Motion for Summary Judgment") (ECF No. 8); and (4) Plaintiff's request to file a professional engineer's certification to counter an argument raised by Defendants in opposition to the Cross-Motion for Summary Judgment (the "Certification Request") (ECF No. 13.) The parties have filed opposition papers and replies thereto. (ECF Nos. 4, 8-1, 9, 11, 12, 23, 24, 25.) The Court has carefully considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons outlined below: (1) the Injunction Motion is administratively terminated without prejudice; (2) the Motion to Dismiss is denied; (3) the Cross-Motion for Summary Judgment is denied without prejudice; and (4) the Certification Request is granted.

I.  **BACKGROUND**[1]

   A.  **The Parcel**

Plaintiff purchased a 47,000 square-foot parcel (the "Parcel") in 2016 located within the Borough with the intention of building a single-family home on the Parcel. (*See* Compl. ¶¶ 1, 10, ECF No. 1-2; Defs.' Moving Br. ¶ 44, ECF No. 3-2.) The Parcel: (1) is within a single-family residential zone; (2) is located at 174 Twilight Road and fronts on Warren Place; and (3) is designated as Lot 13, Block 3 on the Borough's tax map. (Compl. ¶¶ 5, 6, 10, 12.) The Parcel can be accessed by turning off of Osborne Avenue and turning onto Warren Place. The following excerpt provides a visual representation:



(2006 Map Excerpt, ECF No. 3-11.)

Twilight Road no longer exists as an official street, as the Borough completely vacated it in 1991. (*See* Compl., Ex. A ("2020 Planning Board Decision") 4, 8.) Warren Place is fifty-feet wide, and it contains a paved portion that is ten-feet wide. (Compl. ¶ 1; 2020 Planning Board Decision 25.) Warren Place has: (1) one pre-existing house located on it with an address of 2 Warren Place, which can only be accessed by Warren Place; and (2) pre-existing houses on each side of it, with addresses of 165 Osborne Avenue and 189 Osborne Avenue, respectively. (Compl. ¶¶ 15, 16; *see* 2020 Planning Board Decision 11 (noting "there is one house existing on Warren

---

[1] The Court accepts all of Plaintiff's factual allegations that are set forth in the Complaint as true at this juncture. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

Place").) Warren Place is also used by New Jersey Transit and its contractors to access a rail yard behind the Parcel. (*See* Compl. ¶ 17.) The Borough previously vacated an unpaved portion of Warren Place in 1991, but specifically did not vacate the portion of the road that allowed access to the houses located at 2 Warren Place, 165 Osborne Avenue, and 189 Osborne Avenue. (*See* 2020 Planning Board Decision 8, 25 ("Warren Place is a platted street on the Tax Map of the Borough . . . with a 50-foot right-of-way.").) Emergency vehicles and equipment can access Warren Place without being encumbered. (*Id.* at 12-13; *see also* Compl. ¶ 29.)

### B.   Plaintiff's Application

The Planning Board granted Plaintiff's application to be issued a permit for construction of a house on the Parcel on December 16, 2020. In doing so, however, the Planning Board directed that Plaintiff:

> shall be responsible, at [Plaintiff's] sole cost and expense, to expand the paved portion of Warren Place from Osborne Avenue to the southernmost portion of lot frontage as shown on the Plan of 79.20 feet, by adding 10-foot of asphalt pavement consistent with what currently exists on Warren Place in accordance with [New Jersey Department of Transportation] standards. [Plaintiff] shall be obligated to file with the Construction Official and Board Engineer a plan for widening Warren Place which will necessitate review and approval by the Board Engineer and/or Construction Official. The approved plan to widen Warren Place shall also be submitted by [Plaintiff] to the State of New Jersey, Department of Environmental Protection, Division of Land Use Regulation, together with the revised Plot Plan as part of the NJDEP's review to determine whether the existing Permit remains satisfied or needs to be modified by [Plaintiff].

(Compl. ¶ 20; *see* 2020 Planning Board Decision 26, 25 ("[T]o ensure full access to the [Parcel], the [Planning] Board will condition the approval on expanding the existing 10-foot wide paved portion of Warren Place to be extended to 20-feet in width.").)

According to Plaintiff, the 2020 Planning Board Decision "imposed on [Plaintiff] the sole cost and expense of improving Warren Place, a platted street on the Tax Map of the Borough of Bay Head with a 50 foot right-of-way owned and controlled by the Borough of Bay Head." (Compl. ¶ 1 (internal quotation marks omitted).) Plaintiff further alleges that the Borough "has refused the request of [Plaintiff] to make the improvements to Warren Place that were mandated by the . . . Planning Board as a condition of developing his property." (*Id.* ¶ 24.)

### C.     The Instant Case

Plaintiff initially brought the instant case in New Jersey Superior Court in Ocean County on December 15, 2022. (Compl. 19 (Plaintiff's dated verification).) Plaintiff asserted five counts alleging violations of: (1) the Fifth Amendment to the United States Constitution based on the 2020 Planning Board Decision directing Plaintiff to be solely responsible for the improvement of Warren Place, as opposed to proportionally dividing the cost of improvements between the Borough and Plaintiff, as a condition for being allowed to build a house on the Parcel (the "First Count") (*id.* ¶¶ 26-35); (2) Article I, Paragraph 20 of the New Jersey Constitution, which mirrors the Fifth Amendment (the "Second Count") (*id.* ¶¶ 37-42); (3) the New Jersey Municipal Land Use Law (the "NJMLUL") under N.J. Stat. Ann. § 40:55D-39(a) and N.J. Stat. Ann. § 40:55D-42, wherein a developer may be obligated to pay the pro-rata share of costs for off-tract street improvements that are necessitated by a development, because Plaintiff has been required to shoulder more than his pro-rata share of the improvement costs (the "Third Count") (*id.* ¶¶ 44-53);[2] (4) the New Jersey Civil Rights Act (the "NJCRA"), N.J. Stat. Ann. § 10:6-2, which encompasses the alleged violations set forth in the three previous counts (the "Fourth Count") (*id.*

---

[2] The Complaint contains two paragraphs designated as "51." (*See* Compl. 10, 11.)

¶¶ 55-68); and (5) 42 U.S.C. § 1983 ("Section 1983"), which encompasses the alleged violations set forth in the First Count concerning the Fifth Amendment (the "Fifth Count") (*id.* ¶¶ 70-73).

This case was timely removed by Defendants based on federal question jurisdiction. (Notice of Removal ¶ 9, ECF No. 1.)

### D.   Related State Court Cases

#### 1.   *Neighbors' Case and Stay of Instant Case*

Several property owners living near the Parcel (the "Neighbors") objected to the approval of Plaintiff's application to develop the Parcel, and they brought an action in lieu of prerogative writs in New Jersey Superior Court in Ocean County in February of 2021—more than one year before the instant case was filed—against Plaintiff and the Planning Board to challenge the validity of the 2020 Planning Board Decision under New Jersey state law (the "Neighbors' Case"). (*See* Compl., *Brennan v. Bay Head Plan. Bd.*, No. 21-340 (N.J. Super. Ct. Law Div. Feb. 8, 2021), ECF No. 3-8.) The Borough and the Mayor and Council of the Borough, which are named as Defendants in the instant case, were not named as defendants in the Neighbors' Case. (*Id.*)

The Superior Court affirmed the 2020 Planning Board Decision in July of 2022 (the "July 2022 State Court Order"). (Op. and Order, *Brennan v. Bay Head Plan. Bd.*, No. 21-340 (N.J. Super. Ct. Law Div. July 12, 2022), ECF No. 3-15.) The Neighbors then appealed from the July 2022 State Court Order to the New Jersey Appellate Division. (*See* 6/29/2023 Order to Show Cause 2 (referring to the pending appeal in *Brennan*), ECF No. 14; Defs.' Moving Br. ¶ 55.)

Upon becoming aware of the pending appeal in the Neighbors' Case, the Court ordered the parties to show cause in June 2023 why the instant case should not be stayed pending the outcome of that appeal. (*See* 6/29/2023 Order to Show Cause 3.) In view of the parties' responses thereto,

the Court stayed the instant case on July 31, 2023 with leave to the parties to seek reinstatement when appropriate. (*See* 8/1/2023 Order, ECF No. 17.)

The New Jersey Appellate Division affirmed the July 2022 State Court Order in May 2024 (the "May 2024 Appellate Decision"). *See Brennan v. Bay Head Plan. Bd.*, No. A-3984-21, 2024 WL 1894570, *1 (N.J. App. Div. May 1, 2024). The Appellate Division merely noted in passing that the 2020 Planning Board Decision required that the paved portion of Warren Place be expanded from ten-feet wide to twenty-feet wide using asphalt pavement, but the appellate court was not asked to address whether the imposition of the costs of that requirement upon Plaintiff was proper. *See id.* at *5, *11. The Neighbors do not appear to have either moved for reconsideration before the Appellate Division or petitioned for certification before the New Jersey Supreme Court from the May 2024 Appellate Decision, and thus that decision is now final. *See, e.g.*, N.J. Ct. R. 2:4-1 (allowing appeals as of right to New Jersey Supreme Court); N.J. Ct. R. 2:11-6 (governing motions for reconsideration); N.J. Ct. R. 2:12-7 (setting forth the requirements for petitions for certification to the New Jersey Supreme Court).

The stay of the instant case remains in place at this juncture. In view of the May 2024 Appellate Decision, however, the parties have requested the Court to lift the stay that had been imposed on July 31, 2023 and to address the previously-filed motions. (Pl.'s 5/5/2024 Correspondence, ECF No. 18; Defs.' 5/15/2024 Correspondence, ECF No. 19.) That request is granted. The Injunction Motion, Motion to Dismiss, Cross-Motion for Summary Judgment, and Certification Request are reinstated.

    2.    *SBBI Case*

A non-profit corporation known as Save Barnegat Bay, Inc. ("SBBI") instituted a separate action in New Jersey Superior Court in Ocean County (the "SBBI Case") in June 2022—six

months before the instant case was filed—against, among others, Plaintiff. (Compl., *Save Barnegat Bay, Inc. v. Burke*, No. 22-1171 (N.J. Super. Ct. Law Div. June 6, 2022), ECF No. 3-16.) Defendants in the instant case were not named among the defendants in the SBBI Case. (*Id.*)

SBBI alleged that: (1) the Parcel had been designated as wetlands; and (2) Plaintiff illegally altered—among several other properties—the Parcel by removing trees, clearing vegetation, and bringing in fill in violation of environmental regulations. (*Id.* ¶¶ 122-155.) The Court's review of the New Jersey Superior Court docket reveals that: (1) the Complaint in the SBBI Case was dismissed on July 25, 2023; (2) SBBI filed a notice of appeal on September 8, 2023; and (3) the appeal in the SBBI Case remains pending before the New Jersey Appellate Division. *See* Docket, *Save Barnegat Bay, Inc. v. Burke*, No. 22-1171 (N.J. Super. Ct. Law Div.).

## II.   LEGAL STANDARD

### A.   Motions to Dismiss

Federal Rule of Civil Procedure[3] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a Rule 12(b)(6) motion to dismiss, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Fowler*, 578 F.3d at 210. The Court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678

---

[3] Any reference to "Rule" or "Rules" hereinafter refers to the Federal Rules of Civil Procedure.

(citing *Twombly*, 550 U.S. at 555). Third, once the well-pleaded facts have been identified and the conclusory allegations ignored, the Court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). A plaintiff need only raise factual allegations in response to a motion to dismiss that are enough to raise a right to relief that is above the speculative level. *See Kedra v. Schroeter*, 876 F.3d 424, 440-41 (3d Cir. 2017). On a motion to dismiss for failure to state a claim, the "defendant[s] bear[] the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, in considering a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

    **B.**    **Motions For Summary Judgment**

The Rules provide that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson*, 477 U.S. at 248. A material fact raises a genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *Boyle v. County of*

8

*Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party has met its threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party fails to come forward with the requisite showing to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then "there can be 'no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. A summary judgment motion does not exist in a vacuum; the trial "judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254.

### III. DISCUSSION

#### A. Defendants' Motion to Dismiss

Defendants present four separate arguments in support of their Motion to Dismiss. (Defs.' Moving Brief 12-23.)[4] The Court will address each argument in turn.

---

[4] Defendants' brief and supporting papers filed in opposition to the Injunction Motion are largely duplicative of Defendants' brief and exhibits filed in support of their Motion to Dismiss. (*See* ECF Nos. 3, 4.)

### 1.   *Statute of Limitations*

Defendants argue that when Plaintiff initially brought this case to challenge the 2020 Planning Board Decision in New Jersey state court for, among other claims, allegedly violating provisions of the NJMLUL, he was required by New Jersey state law to proceed by an action in lieu of prerogative writs within forty-five days of that decision's publication. (*Id.* at 12); *see* N.J. Ct. R. 4:69-6(a), (b)(3) (providing that an action in lieu of prerogative writs commenced to review a planning board's determination may be commenced within forty-five days of publication of notice). Plaintiff did not assert his NJMLUL claims contained in the Third Count until December 15, 2022, or just within two years after the 2020 Planning Board Decision was issued. (*See* Compl.) Plaintiff argues in response that: (1) he was not required to bring the NJMLUL claims in an action in lieu of prerogative writs; and (2) the NJMLUL claims must be analyzed in conjunction with his civil rights claims brought under the NJCRA and Section 1983, and thus they were timely brought under the two-year statute of limitations that is applied to civil rights claims arising in New Jersey. (Pl.'s Cross Mot. 16-18, ECF No. 8-1.)

It is true that when a plaintiff elects to utilize the procedures available for an action in lieu of prerogative writs pursuant to New Jersey Court Rule 4:69-6(b)(3) to challenge a planning board's decision, that action must be commenced within forty-five days of the decision's publication. *See Tripsas v. Borough of Oradell*, No. A-0649-20, 2022 WL 883038, at *2 (N.J. Super. Ct. App. Div. Mar. 25, 2022). Although those procedures were available, Plaintiff was not required under New Jersey state law to bring his NJMLUL claims by an action in lieu of prerogative writs only, and in fact he did not do so when instituting the instant case in New Jersey state court. (*See* Compl.); *Rosedale Manor Assocs., LLP v. Borough of Madison*, No. 04-341, 2006 WL 3751353, at *5 (D.N.J. Dec. 19, 2006) (holding it is not necessary to bring an action in lieu of

10

prerogative writs to pursue a challenge under the NJMLUL). By electing to not proceed in an action in lieu of prerogative writs, therefore, Plaintiff was not bound by the forty-five day statute of limitations found in New Jersey Court Rule 4:69-6. *See Matthews v. Ehrmann*, No. A-1868-17, 2019 WL 692127, at *7 (N.J. Super. Ct. App. Div. Feb. 20, 2019) (holding same). Plaintiff is also correct in arguing that his NJMLUL claim should, in the very least, be addressed in conjunction with his NJCRA claim and the NJCRA's two-year statute of limitations. (Pl.'s Cross Mot. 16-18); *see 388 Route 22 Readington Realty Holdings, LLC v. Township of Readington*, No. A-1826-18, 2022 WL 363755, at *17, *19 (N.J. Super. Ct. App. Div. Feb. 8, 2022) (holding that "the [NJ]MLUL . . . can be the source of substantive rights within the meaning of the NJCRA" in a property owner's action challenging a municipality's attempts to hamper development on the property, and that simultaneous claims brought under the NJMLUL and NJCRA are not "preclude[d]").

For these reasons, Defendants fail to show that the instant case is time-barred. The Motion to Dismiss to the extent that it seeks dismissal based on the statute of limitations is therefore denied.

    2.  *Res Judicata and Entire-Controversy Doctrine*

Defendants argue that Plaintiff's "constitutional claims" should be dismissed under res judicata and the entire-controversy doctrine based on the May 2024 Appellate Decision issued in the Neighbors' Case. (Defs.' Moving Br. 13-15.) Although Defendants have failed to be specific in their brief, the Court presumes that Defendants are referring to the Fifth Amendment claim in the First Count, the parallel New Jersey Constitution claim in the Second Count, the NJCRA claim in the Fourth Count, and the Section 1983 claim in the Fifth Count.

A party seeking to invoke res judicata to bar an action must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a

subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). A party seeking to invoke the entire-controversy doctrine to bar an action must establish: "(1) the claims against the different parties arise from related facts or the same transaction[;] (2) the first proceeding produced a final judgment[;] and (3) the party had a fair and reasonable opportunity to have fully litigated that claim in the original action." *Crisafulli v. Township of Branchburg*, No. 22-1948, 2023 WL 3845304, at *2 (3d Cir. June 6, 2023) (internal quotation marks and citations omitted).

Defendants' argument is without merit here. As to res judicata, the instant case is not based on the same cause of action addressed in the May 2024 Appellate Decision. The Neighbors' Case merely mentions the paving requirement in passing. *See Brennan*, 2024 WL 1894570, at *5, *11. The Neighbors' Case sought to challenge the approval of Plaintiff's application to develop the Parcel, and the Neighbors raised no arguments concerning the propriety of the requirement imposed on Plaintiff to shoulder the cost of paving Warren Place. The Neighbors would indeed have no reason to address that paving requirement, as they demonstrated that their interests were completely antagonistic to Plaintiff's interests by naming him as a defendant in the Neighbors' Case. Also as to res judicata, the Neighbors' Case does not involve all of the same parties or their privies in the instant case. The Neighbors are not involved in the instant case. Plaintiff is certainly not one of the Neighbors' privies, as Plaintiff was sued by them in the Neighbors' Case.

As to the entire-controversy doctrine, the claims in the instant case did not necessarily arise from related facts or the same transaction at issue in the Neighbors' Case. While it is true that the Neighbors' Case and the instant case concern the same 2020 Planning Board Decision, the Neighbors had no reason to challenge the requirement placed on Plaintiff concerning the improvement of Warren Place in that decision. Defendants' arguments attempt to stretch the reach

of the entire-controversy doctrine too far in view of the different operative facts underlying the instant action and the Neighbors' Case. The Neighbors sought to challenge the aspects of the 2020 Planning Board Decision concerning the approval of the development, whereas Plaintiff seeks to challenge one aspect of the decision concerning the paving and improvement of Warren Place at his own expense. *See Jackson v. Midland Funding LLC*, 468 F. App'x 123, 126 (3d Cir. 2012) (holding that the entire-controversy doctrine does not apply if the two separate actions "do not arise out of a common nucleus of operative facts sufficient to trigger the necessity of creating a complete litigation," even if the two actions are related and there are parties in common). Plaintiff and the Neighbors, therefore, are challenging the 2020 Planning Board Decision on completely different grounds.

The First, Second, Fourth, and Fifth Counts are not barred by res judicata or the entire-controversy doctrine. The Motion to Dismiss to the extent it raises the aforementioned arguments is therefore denied.

    3.  *Whether Plaintiff States a Claim Under the NJMLUL*

Defendants argue that Plaintiff fails to state a claim under the NJMLUL because he is only being required to improve Warren Place to facilitate better access to the Parcel. (Defs.' Moving Br. 16-18.) Defendants' argument is without merit.

Plaintiff clearly asserts in the Complaint that the NJMLUL, with the particular reference to N.J. Stat. Ann. § 40:55D-42, requires him to pay a pro-rata share of the cost to improve Warren Place that is necessitated by his proposed development of the Parcel. (Compl. ¶¶ 47-53.) As discussed above, upon accepting Plaintiff's factual allegations as true and construing the Complaint in the light most favorable to Plaintiff, it is apparent that Plaintiff may be entitled to relief if Defendants engaged in overreaching by imposing the entire cost of improving Warren

13

Place on him. *See Toll Bros. v. Board of Chosen Freeholders*, 944 A.2d 1, 14 (N.J. 2008) (holding that where an off-site improvement is connected to a development, a planning board "may not condition site plan approval on a developer . . . paying an amount that is disproportionate to the benefits conferred on the developer"); *Malleus*, 641 F.3d at 563. Defendants themselves acknowledge that "the improvement's cost [must] be proportional to the development." (Defs.' Moving Br. 23.) The Motion to Dismiss to the extent it seeks to dismiss the NJMLUL claims on this ground is therefore denied.

    4. *Whether Plaintiff Pleads Proper Takings Claims*

  Plaintiff alleges in the First Count that by imposing a disproportionate cost upon him to improve the entirety of Warren Place as a condition for being permitted to develop the Parcel, the Planning Board has effected a violation of the Takings Clause of the Fifth Amendment. (Compl. ¶¶ 26-35.) Plaintiff's claims under the parallel clause in the New Jersey Constitution in the Second Count, the NJCRA in the Fourth Count, and the Section 1983 claim in the Fifth Count all necessarily flow from the First Count. (*Id.* ¶¶ 37-42, 55-73.) Defendants argue that Plaintiff has failed to assert plausible claims in this regard, as the Planning Board has not effected a violative taking or a physical invasion by requiring the off-site improvement, *i.e.*, the improvement of the portion of Warren Place that does not abut the Parcel, as a condition for the development of the Parcel to proceed. (Defs.' Moving Br. 20-23.) Defendants' argument here is without merit, however, because Plaintiff alleges a plausible claim under the Fifth Amendment at this juncture.

  The Takings Clause of the Fifth Amendment "bar[s] Government[s] from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Dolan v. City of Tigard*, 512 U.S. 374, 384 (1994) (internal quotation marks and citation omitted). It is well-settled law that Article I, Paragraph 20 of the New Jersey Constitution

14

is "in general conformity" with the protections set forth in the Fifth Amendment, and thus any claims asserted under those provisions are deemed to be parallel. *See Gardner v. N.J. Pinelands Comm'n*, 593 A.2d 251, 257 (N.J. 1991); *Littman v. Gimello*, 557 A.2d 314, 317-18 (N.J. 1989).

To assert a viable claim at the motion-to-dismiss stage, Plaintiff must allege that an "essential nexus" or "rough proportionality" does not exist between a "legitimate interest" and the conditions imposed by the Planning Board in granting a permit, particularly if the condition allegedly amounts to "extortionate demands for money." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 605-06, 619 (2013). Plaintiff has met this burden by alleging that the Planning Board is essentially demanding money unjustifiably, in the form of the expenditure of his own funds to improve the entirety of Warren Place, in exchange for the approval to develop the Parcel. The Motion to Dismiss to the extent it seeks dismissal of the First, Second, Fourth, and Fifth Counts is therefore denied.

### B.   Plaintiff's Cross-Motion for Summary Judgment

Plaintiff presents two separate arguments in support of his Cross-Motion for Summary Judgment. The Court will address each one in turn.

#### 1.   *Entitlement to Summary Judgment on Claims Related to Fifth Amendment*

Plaintiff argues that he is entitled to summary judgment in his favor on the First, Second, Fourth, and Fifth Counts, which all stem from his claims concerning violations of the Fifth Amendment and New Jersey state law equivalents. (Pl.'s Cross Mot. 11-16.) The Court has already ruled above that Plaintiff has asserted plausible claims for such relief. But several genuine disputes of material fact abound in the instant case preventing an award of summary judgment to Plaintiff, and thus the Court will deny this portion of the Cross-Motion for Summary Judgment.

As an initial matter, the parties do not seem to agree on exactly what the Planning Board has required Plaintiff to do in terms of improving the condition of Warren Place. Plaintiff argues that he has been required to improve a street that is owned by the Borough with additional pavement (*id.* at 15-16), whereas Defendants argue that it does not own Warren Place in its entirety and that Plaintiff actually owns most of it (Defs.' Opp'n Br. 6-9, ECF No. 11-1). Assuming that the Borough owns more of Warren Place than it claims to own, there must be further discovery on whether the cost of the paving improvements imposed on Plaintiff is indeed proper. *See Koontz*, 570 U.S. at 595, 605-06.

The Court also notes that the outcome of the pending appeal in the SBBI Case may have an effect on the instant litigation. It is possible that the New Jersey Appellate Division may issue a finding that suggests that Plaintiff is barred from developing the Parcel due to violations of New Jersey environmental regulations. To award summary judgment to Plaintiff before an appellate decision is rendered in that case would certainly be premature. The Court is not inclined to stay the instant case while the appeal in the SBBI Case is pending, however, as the instant case has been stayed once already and must proceed to discovery at some point.

    2.    *Entitlement to Summary Judgment on Claims Related to NJMLUL*

Plaintiff argues that he is entitled to summary judgment on his claims related to the NJMLUL. (Pl.'s Cross Mot. 18-22.) For essentially the same reasoning presented above in the discussion concerning Plaintiff's argument that he is entitled to summary judgment on his claims related to the Fifth Amendment, Plaintiff cannot be awarded summary judgment on his claims related to the NJMLUL, and thus the Court will deny this portion of the Cross-Motion for Summary Judgment.

The NJMLUL provides that owners seeking to develop a parcel may only be required to pay for their "pro-rata share" of the cost of off-tract improvements that are "necessitated or required by construction or improvements." N.J. Stat. Ann. § 40:55D-42. It is unclear at this juncture whether Plaintiff is being asked to pay a proper pro-rata share by improving Warren Place, or whether the Planning Board has imposed a burden that is unfair and potentially unconstitutional. Warren Place already provides access to at least one house in existence on that road, *i.e.*, 2 Warren Place, and provides additional access to a house located at 165 Osborne Avenue, a house located at 189 Osborne Avenue, and a New Jersey Transit rail yard. It remains to be determined whether Plaintiff must carry the burden of improving Warren Place to the point of benefiting the access to those three houses and the rail yard. It is also remains to be determined what portions of the road that the Planning Board has directed to be improved are part of the Parcel or are actually "off-site."

C.   **Plaintiff's Injunction Motion**

Plaintiff filed the Injunction Motion soon after the instant case was removed from New Jersey state court. (ECF No. 2.) Plaintiff's arguments raised in support of his Cross-Motion for Summary Judgment are duplicative of the arguments initially raised in support of the Injunction Motion. (*Compare* Pl.'s Inj. Mot. Br. 3-17, ECF No. 2-1, *with* Pl.'s Cross Mot. 11-22.) As the Court has addressed and denied the Cross-Motion for Summary Judgment herein, the Injunction Motion will be administratively terminated as moot. *See Newark Branch, NAACP v. Township of W. Orange*, 786 F. Supp. 408, 411 n.3 (D.N.J. 1992).[5]

---

[5] In view of the Court's denial of Plaintiff's Cross-Motion for Summary Judgment due to the genuine disputes of material fact in this case, Plaintiff would consequently be unable to demonstrate entitlement to an injunction because he cannot show at this juncture that he is "reasonably likely to prevail eventually in the litigation." *Cipla Ltd. v. Amgen Inc.*, 778 F. App'x 135, 138 (3d Cir. 2019). It is well-settled law that "a failure to establish a likelihood of success is fatal to obtaining [a] preliminary injunction." *Henry M.C. v. Wolf*, No. 19-20399, 2020 WL 13659098, at *5 (D.N.J. Apr. 9, 2020) (internal citation omitted).

    **D.**     **Certification Request**

In response to Defendants' arguments in opposition to the Cross-Motion for Summary Judgment, Plaintiff sought to submit for the Court's consideration a certification from a professional engineer concerning his opinion on the extent to which the Planning Board has required Plaintiff to improve Warren Place. (Lindstrom Certification, ECF No. 13.) In view of the Court's disposition of the Motion to Dismiss and the Cross-Motion for Summary Judgment, the Certification Request is granted. The Court also notes that Defendants do not oppose the Certification Request. (*See* 7/8/2024 Defs.' Correspondence 1, ECF No. 25.) Plaintiff would be free to submit the certification in issue during the course of discovery in the instant case, and Defendants may produce responses to the certification as this litigation proceeds.

**IV.**     <u>**CONCLUSION**</u>

For the reasons outlined above: (1) the Injunction Motion is administratively terminated without prejudice; (2) the Motion to Dismiss is denied; (3) the Cross-Motion for Summary Judgment is denied without prejudice; and (4) the Certification Request is granted.

                                             s/ Michael A. Shipp
                                             **MICHAEL A. SHIPP**
                                             **UNITED STATES DISTRICT JUDGE**