NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD F. BURKE, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>BOROUGH OF BAY HEAD, *et al.*,<br><br>    Defendants. | Civil Action No. 22-7569 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Plaintiff Donald F. Burke, Jr.'s ("Plaintiff") Motion for Reconsideration[1] (ECF No. 29) of the Court's October 18, 2024 Memorandum Order (ECF No. 28). Defendants Borough of Bay Head, New Jersey (the "Borough"), the Mayor and Council of the Borough, and the Bay Head Planning Board (collectively, "Defendants") opposed (ECF No. 30), and Plaintiff replied[2] (ECF No. 31). After careful consideration of the parties'

---

[1] The Court notes that Plaintiff's moving papers are nearly ten pages longer than permitted under the Local Rules. (*See generally* Pl.'s Moving Br., ECF No. 29-1); L. Civ. R. 7.2(b) (setting the limit of "15 pages for . . . any brief in support of . . . a motion for reconsideration submitted under L. Civ. R. 7.1(i)"). The Court will still entertain the motion but warns Plaintiff to comply with the Local Rules in the future. *See Johnson v. Atlantic County*, No. 07-4212, 2010 WL 743930, at *3 (D.N.J. Mar. 3, 2010) (warning litigants about violating the rules regarding brief length and formatting); *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 558 n.6 (D.N.J. 2001) (noting that the court denied a motion without prejudice because the brief failed to comply with Local Rule 7.2(b)).

[2] A reply is not permitted on a motion for reconsideration without permission from the Court. L. Civ. R. 7.1(d)(3). As such, the Court will not consider Plaintiff's reply.

submissions, the Court decides Plaintiff's motion without oral argument pursuant to Local Civil Rule 78.1(b).³ For the reasons outlined below, Plaintiff's Motion for Reconsideration is denied.

I.  **BACKGROUND**

On October 18, 2024, the Court issued a Memorandum Opinion and Order, *inter alia*, denying Plaintiff's cross-motion for summary judgment. (ECF Nos. 27, 28.) As the Court already set forth the factual background in its prior Memorandum Opinion ("the October Opinion") (Oct. Op. 2-7, ECF No. 27), the Court incorporates those facts here. On October 25, 2024, Plaintiff filed a Motion for Reconsideration with respect to parts of the October Opinion. (ECF No. 29.)

II.  **LEGAL STANDARD**

In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or fact to prevent manifest injustice. *Id.* It is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive

---

³ The Court denies Plaintiff's request for oral argument in his moving papers and subsequent correspondence. (*See e.g.*, Notice of Motion, ECF No. 29; ECF Nos. 33, 34.)

factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### III. DISCUSSION

Plaintiff separates his argument into six points: (1) the Court overlooked Defendants' statements as to the essential material facts that are not in dispute (Pl.'s Moving Br. 8-10); (2) it is unconstitutional under the Fifth Amendment for Defendants to require Plaintiff to improve Warren Place (*id.* at 10-14); (3) it is unconstitutional under the New Jersey state constitution for Defendants to require Plaintiff to improve Warren Place (*id.* at 14-15); (4) Defendants violated the New Jersey Municipal Land Use Law by requiring Plaintiff to improve Warren Place (*id.* at 15-19); (5) Plaintiff is entitled to injunctive relief under the New Jersey Civil Rights Act to compel Defendants to improve Warren Place (*id.* at 19-23); and (6) Plaintiff is entitled to injunctive relief under 42 U.S.C. § 1983 to compel Defendants to improve Warren Place (*id.* at 23-24). The Court addresses these points below.

#### A. Point I: Whether the Court Overlooked Defendants' Statements as to the Essential Material Facts

The first point that Plaintiff raises avers that the Court made a clear error of fact in the October Opinion by overlooking certain representations of material facts by Defendants. (*See* Pl.'s Moving Br. 8-10.) Plaintiff specifically points to Defendants' representations that:

> (1) Warren Place is a right of way owned by the Borough;
> (2) Plaintiff owns a piece of property with 79.20 feet of frontage on this right of way;
> (3) the right of way consists of a 10 feet wide strip of asphalt and an additional 40 feet in a mostly natural state; [and]
> (4) the Borough required [Plaintiff] to improve [Warren Place] as a condition of development.

(*Id.* at 8.) Plaintiff argues that "[t]here is no dispute" about those facts and summary judgment should have been granted." (*Id.* at 9.)

As the Court noted in its October Opinion, however, ownership of Warren Place is a central issue that the parties must resolve with discovery. (Oct. Op. 16 ("Assuming that the Borough owns more of Warren Place than it claims to own, there must be further discovery on whether the cost of the paving improvements imposed on Plaintiff is indeed proper.").) The parties disagree on the factual issue of who owns Warren Place, and with such a genuine dispute of material fact outstanding, summary judgment is improper.[4] *See Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2014 WL 37124, at *4 (D.N.J. Jan. 6, 2014) (denying motion for reconsideration where the court "did not have before it evidence sufficient to conclude as a matter of law that no genuine [dispute] of material fact existed"). Plaintiff seems to equate the statement that "Warren Place is a right of way owned by the Borough" to mean that the Borough owns Warren Place in fee simple, while Defendants argue that they only own an easement. (Pl.'s Moving Br. 8-9; Defs.' Opp'n Br. 7.) Discovery is needed to resolve this dispute of fact. The Court, therefore, denies Plaintiff's Motion for Reconsideration as to Point One.[5]

### B. Points Two through Six

Plaintiff's remaining five points do not allege that there was a clear error of law or fact, an intervening change in controlling law, or that new evidence became available. Points Two through

---

[4] The statement of material facts submitted by Plaintiff provides that "Warren Place . . . is owned by the Borough" (Pl.'s Statement of Material Facts ¶ 8, ECF No. 8-3), while Defendants respond that "[t]he property is owned by the Plaintiff and burdened by a Borough right of way." (Defs.' Response to Statement of Material Facts ¶ 8, ECF No. 11).

[5] The Court received Plaintiff's correspondence, dated April 23, 2025, apprising the Court that "the SBBI Case" was dismissed with prejudice and that there is no statement from the Court that Plaintiff is barred from developing the parcel. (ECF No. 34.) In its October Opinion, the Court noted that the outcome of the SBBI case could have an effect on the instant litigation and that to grant summary judgment before a decision was rendered in that case would be premature. (Oct. Op. 16.) The Court, however, also denied summary judgment because of the aforementioned factual dispute, so the SBBI Case outcome does not affect the instant motion. (*Id.*)

4

Six merely attempt to renew substantially similar, if not the exact, substantive arguments that Plaintiff made in support of his cross-motion for summary judgment.[6] (*Compare* Pl.'s Moving Br. 10-24, *with* Pl.'s Cross-Motion for Summ. J. 11-23, ECF No. 8-1.) A motion "advanc[ing] the same arguments that were in . . . [prior] motions . . . is not a proper basis for reconsideration." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *see Gilgallon v. Bd. of Chosen Freeholders for Cnty. of Hudson*, No. 00-591, 2005 WL 6962099, at *1 (D.N.J. Mar. 29, 2005) (explaining that on a motion for reconsideration, "recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden"). As such, the Court denies Plaintiff's motion as to Points Two through Six.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied. The Court will issue an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff even begins each subheading with the phrase "[a]s [s]et [f]orth [i]n [p]revious [m]otion [p]apers . . . ," further supporting the conclusion that he is simply rehashing prior arguments. (Pl.'s Moving Br. 10, 14-15, 19, 23.)